■ FREDERICK SEHLMEYER, Petitioner, v UNIVERSAL OVEN Co., INC., Appellant, and EX-EL FABRICATORS, INC., et al., Respondents.—In a special proceeding pursuant to CPLR 5227 for payment of a debt owed by Universal Oven Co., Inc. (hereinafter Universal) to the judgment debtors respondents,

Universal appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 22, 1984, as denied its motion for attorney's fees, granted the cross motion of the attorneys for the judgment debtors for renewal and reargument of a prior order of the same court, dated December 7, 1983, and, upon granting the cross motion for renewal and reargument, vacated the prior order and directed the appellant to pay the sum of $2,929.25 to the attorneys for the judgment debtors.

Order affirmed, insofar as appealed from, with costs.

In 1978, the judgment debtors retained the law firm of Janoff & Kravetz to prosecute an action against Universal for goods and services sold and delivered. After a trial had commenced, the parties reached a settlement whereby Universal agreed to pay $5,750 to its attorneys within 30 days, the funds to be held in escrow by them. The stipulation of settlement also provided that

"[t]he settlement moneys in the sum of $5,750 shall first be applied to the payment of plaintiff's [Ex-El Fabricators] counsel fees and disbursements in connection with the litigation * * * The balance of said settlement which * * * would be due and owing to the plaintiff corporation will be turned over and delivered to the Internal Revenue Service to the credit of the plaintiff corporation * * *

"The attorney's fees will be fifty percent of the sum recovered in the litigation based upon the net recovery after the deduction of all disbursement fees and other litigation expenses which would normally be deducted from the settlement."

Pursuant to the stipulation, Janoff & Kravetz presented Universal's attorneys with their bill in the amount of $2,929.25 for the services rendered to the judgment debtors in connection with the litigation against Universal. Universal and its attorneys, however, have failed to comply with the settlement agreement and have not paid Janoff & Kravetz because various creditors of Ex-El Fabricators, Inc. (hereinafter Ex-El), including the Internal Revenue Service, the New York State Tax Commission (hereinafter the State Tax Commission) and the New York State Department of Labor have at one time or another and in one form or another, laid claim to this settlement fund. Universal and its attorneys have made numerous applications requesting the court to exercise its discretion and relieve them from liability to Ex-El's attorneys. Janoff & Kravetz and the judgment debtors have responded by seeking enforcement of the stipulation of settlement with regard to

the payment of the attorney's fees by demanding that Universal's attorneys turn over to them the $2,929.25 held in escrow.

By March 1984, Universal had already paid $2,820.75 to the Internal Revenue Service (hereinafter the IRS) pursuant to an agreement reached between it and Janoff & Kravetz, in full satisfaction of the levy of the IRS on the property of Ex-El, and $2,586.54 to the State Tax Commission, pursuant to stated portions of the order dated December 7, 1983. Universal also apparently sought authorization to turn over the balance held in escrow to the New York State Department of Labor (hereinafter the Department of Labor) pursuant to its levies seeking amounts which Ex-El failed to pay into the Unemployment Insurance Fund, and apparently paid certain amounts to the Department of Labor pursuant to those levies. Meanwhile, Janoff & Kravetz and the judgment debtors moved, pursuant to Judiciary Law § 475, to enforce their attorney's lien which was created by the stipulation of settlement. The State Tax Commission, recognizing that Janoff & Kravetz's attorney's lien had priority over its own, joined in Janoff & Kravetz's motion to enforce their attorney's lien, and remitted the sum paid to it earlier by Universal. Special Term, finding that the attorney's lien predated the liens of both the Department of Labor and the State Tax Commission, directed Universal to pay Janoff & Kravetz the sum of $2,929.25.

Initially, we note that Janoff & Kravetz and the judgment debtors' cross motion, which sought to renew and reargue an earlier motion, was timely insofar as it sought to renew its earlier motion.

Special Term correctly found that Janoff & Kravetz's statutory lien attached to the settlement funds before any of the other liens in question came into existence, because Judiciary Law § 475 provides that an attorney's lien attaches on the day the action is commenced. Janoff & Kravetz are statutorily entitled to enforce their lien against Universal since Judiciary Law § 475 enables an attorney to trace the proceeds of his client's cause of action into "whatever hands they may come." Moreover, we find that Universal is liable to Janoff & Kravetz for the full amount of its lien, to wit, $2,929.25, although only $2,586.54 is presently being held in escrow. Universal acted both prematurely and at its peril in disbursing the balance which now constitutes its deficit to the Department of Labor before Special Term decided the instant motion. Furthermore, a defendant who has knowledge of a plaintiff's attorney's lien is under an affirmative duty to protect the lien, and if he fails to do so, he is liable for the reasonable value of that attorney's

services to his client *(see, Morgan v H. P. Drewry, S.A.R.L.,* 285 App Div 1; *Field v Truro Cab Corp.,* 51 Misc 2d 976). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.